**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4435**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JOSE N. CASTRO,

                    Defendant - Appellant.

_____

**No. 13-4441**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARIANO MARTINEZ REZA, a/k/a Mariano Reza Martinez,

                    Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00317-NCT-14; 1:12-cr-00317-NCT-12)

_____

Submitted:  October 28, 2014          Decided:  November 3, 2014

_____

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina; Todd Allen Smith, LAW FIRM OF TODD ALLEN SMITH, Graham, North Carolina, for Appellants. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to their written plea agreements, Jose N. Castro and Mariano Martinez Reza (collectively, "Defendants"), pled guilty to conspiracy to distribute controlled substances,[*] in violation of 21 U.S.C. § 846 (2012). The district court sentenced Castro to thirty-four months' imprisonment and Reza to the statutory mandatory minimum of 120 months' imprisonment. In this consolidated appeal, counsel have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious issues for appeal but seeking review of Defendants' convictions and sentences. Each Defendant was advised of his right to file a supplemental brief but neither has filed one. Finding no reversible error, we affirm the district court's judgments.

Counsel first question whether the district court fully complied with Federal Rule of Criminal Procedure 11 in accepting Defendants' guilty pleas. Upon review of the transcripts from the plea colloquies, we conclude that the district court substantially complied with Rule 11 and committed no error during either plea colloquy warranting correction on plain error review. See United States v. General, 278 F.3d 389,

---

[*] Castro pled guilty to conspiracy to distribute marijuana; Reza pled guilty to conspiracy to distribute five kilograms or more of cocaine.

393 (4th Cir. 2002) (providing standard of review); see also Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (detailing plain error standard); United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002) (holding that defendant must demonstrate he would not have pled guilty but for the error).

Counsel also question whether the sentences imposed by the district court are reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (requiring explanation to be "elaborate enough to allow [us] to effectively review the reasonableness of the sentence" (internal quotation marks omitted)).

Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against

4

the § 3553(a) factors." Montes-Pineda, 445 F.3d at 379 (internal quotation marks omitted).

Upon review, we conclude that the district court committed no procedural or substantive error in imposing Defendants' sentences. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of review); United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) (stating that statutory mandatory minimum sentences are "per se reasonable").

Castro's counsel raises several additional issues that he ultimately concludes are meritless. First, counsel questions whether the probation officer complied with Federal Rule of Criminal Procedure 32(e)(2) in disclosing Castro's presentence investigation report and whether the district court complied with Rule 32(i)(1)(A), (3)(B), (4)(A), and (j)(1) during the sentencing hearing. Upon review, we conclude that the probation officer and district court complied with the above provisions of Rule 32 and committed no error warranting correction on plain error review. See Henderson, 133 S. Ct. at 1126.

Second, counsel questions whether Castro received ineffective assistance from trial counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, we generally do not address ineffective assistance claims on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th

5

Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Finally, counsel questions whether the Government engaged in misconduct during Castro's prosecution; however, he points to no specific instance of prosecutorial misconduct. Our review of the record has revealed no evidence of governmental misconduct. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (providing elements of prosecutorial misconduct claim). Thus, we find this claim meritless.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Defendants, in writing, of their right to petition the Supreme Court of the United States for further review. If either Defendant requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Defendant. We dispense with oral argument

6

because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED